**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Mark Charles THOMAS, Defendant–**
**Appellant.**

No. 98–30332.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 5, 2001 **.

Decided Feb. 7, 2001.

** The panel unanimously finds this case suitable for decision without oral argument. *See*    Fed. R.App. P. 34(a)(2).

Before RYMER, THOMAS and McKEOWN, Circuit Judges.

## MEMORANDUM *

Defendant appeals the denials of his motions to withdraw his guilty plea and the sentence imposed by the district court. Because the parties are familiar with the facts of this case, we will not recount them here. We affirm.

### I

The district court did not abuse its discretion in denying the defendant's motions to withdraw his plea. "A defendant has no right to withdraw his guilty plea, rather, the decision to allow withdrawal is within the sound discretion of the district court." *United States v. Alber,* 56 F.3d 1106, 1111 (9th Cir.1995). A review of the plea colloquy indicates that Thomas entered his plea voluntarily and intelligently. His arguments to the contrary are unavailing. Post-plea ineffective assistance of counsel does not form an adequate basis for plea withdrawal. As an American citizen, he had no right to consult the French Consulate; even if he were a French national, failure to notify the Consulate would not constitute grounds for reversal. *See United States v. Lombera–Camorlinga,* 206 F.3d 882, 888 (9th Cir.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

2000) (en banc). His other claims are equally unpersuasive.

## II

 The district court did not abuse its discretion in calculating the amount of loss by relying on Agent Wood's testimony, coupled with statements of loss provided by victims and credit card companies. Hearsay testimony is allowed at sentencing, provided there is at least minimal indicia of reliability. *United States v. Petty,* 982 F.2d 1365, 1369 (9th Cir.1993).

## III

The district court did not abuse its discretion in declining the defendant a one point downward adjustment for acceptance of responsibility. A guilty plea is not necessarily sufficient by itself to warrant adjustment. U.S.S.G. § 3E1.1, application note 3. The defendant contested his criminal record and escape status through sentencing by contending he was not Mark Thomas. "Lying with the hope of avoiding a degree of culpability or punishment is the very antithesis of acceptance of responsibility." *United States v. Magana–Guerrero,* 80 F.3d 398, 402 (9th Cir.1996).

## IV

The district court did not err in imposing an increase in the offense level for obstruction of justice. The defendant's materially false statement which significantly impeded the official investigation were sufficient to justify the adjustment. U.S.S.G. § 3C1.1, application notes 3(g) & (h).

The court also did not abuse its discretion in adjusting the defendant's criminal history from V to VI based on defendant's status as an escapee from incarceration for a similar crime and the defendant's escalating conduct. U.S.S.G. § 4A1.3.

The court did not abuse its discretion in imposing a two-level increase in the defendant's offense level because the loss calculated for sentencing purposes did not take into consideration the full nature and extent of the fraud. It also did not err in imposing an additional two level increase based on continuing obstruction of justice, in excess of the behavior justifying an obstruction of justice adjustment. U.S.S.G. §§ 4A1.3, 5K2.0.

A close review of the record reveals that the district court did not impermissibly double count sentencing factors in determining the upward departures; the departure was justified to impose a representative sentence. *See, e.g., United States v. Reese,* 2 F.3d 870, 894–95 (9th Cir.1993) (and cases cited therein).

Because the defendant did not raise in his opening brief the issue of adequate notice of the court's intent to grant upward departures, we decline to consider it here. *See Greenwood v. Federal Aviation Administration,* 28 F.3d 971, 978 (9th Cir. 1994)

AFFIRMED.